IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

Richard C. Wooddell JR.
   Plaintiff
      VS                       Case No. 14-CV-1479
JEFF STANDARD, Sheriff
   Defendant

"MOTION TO DENY AND DISMISS DEFENDANTS
MOTION FOR SUMMARY JUDGEMENT"

NOW COMES the Plaintiff Richard C. Wooddell JR. on Behalf of Himself Hereby States that the Defendants "Motion For Summary Judgement" Should be denied and dismissed based on the following reasons:

Introduction

On December 16th, 2015 the Defendants Council Filed A "Motion For Summary Judgement." In Her introduction, Council Attempts to mislead the Court by Alleging that the extent of the Plaintiffs claim (R.W.) against the defendant Sheriff Jeff STANDARD "WAS that He denied His grievance Appeal to see an outside Doctor." Council for the Defendant goes on to Allege that "undisputed material facts" exist that will "demonstrate" that the Defendant "Standard was not deliberately indifferent to Plaintiffs Claims" and that Standard "is not Directly

involved in the medical CARE provided to inmates at the Fulton County JAIL." Council for Defendant Standard also claims "no policy or widespread custom that interferes or prevents the provision of medical CARE exists." Plaintiff, who is Pro Se, ATTACKS defendants motion B.W. with evidence and relevant facts to support this motion to deny and dismiss and PRAYS this Honorable Court enter JUDGEMENT IN FAVOR of the Plaintiffs motion for the following Reasons:

#1) Plaintiffs claim clearly states that he WAS denied access to proper medical care Specialists and that in fact the Defendant did also Deny the Plaintiffs appeal to see an outside doctor, that being A MENTAL Health Doctor/psychiatrist who could properly Diagnose and treat the plaintiff with Counseling and medication.

#2) ADVANCED Correctional Healthcare is the Health CARE Provider for the Fulton County JAIL which is controlled, managed, and supervised by the DEFENDANT Sheriff JEFF STANDARD.

3) ADVANCED Correctional Healthcare DOES NOT

(PAGE 2)

provide Doctors or Physicians who specialize and Are Licensed to Practice MENTAL Health treatment by means of Counseling and prescribing mental Health medications for (R.W) mentally ill inmates in the Fulton County JAIL.

#4) THE DEFENDANT ignored the Plaintiffs Grievances, Pleas and written requests and written medical Sick Call requests (R.W) for mental Health treatment even after the Plaintiff Richard C. Wooddell JR. made the defendant aware that Advanced Correctional Healthcare received the plaintiffs medical records proving that the Plaintiff suffered from mental Illnesses and had been taking medication for them illnesses.

#5) (R.W) Because the Defendant refused to seek psychiatric treatment for the Plaintiff the plaintiff ended up Attempting to committ suicide on December 22nd, 2014

#6) MATERIAL FACTS exist that will show that Defendant Standard was in fact deliberately indifferent to the Plaintiffs needs.

#7) Defendant STANDARD is directly involved

(PAGE 3)

with the medical care provided to inmates at the Fulton County Jail. See the Defendants Attached Exhibit 2-A which is an "Agreement For the Provision of Inmate Health Services at the Fulton County Jail, Fulton County Illinois". See page 1 subpart 1.1.1, and page 3 subpart 1.3.1, page 4 subparts 1.4.7, 1.4.8, and 1.4.9, page 5 subpart 1.5.1, and page 8 subpart 5.1.1.

#8) Plaintiff has evidence that a widespread custom and/or policy exists that interferes and/or prevents the provision of medical care.

#9) In the Defendants "Medical Agreement" Exhibit 2-A page 4 subpart 1.4.9 "Records": States that "No information contained in the medical records shall be released by A.C.H except as provided by the Sheriffs Policy, by a court order, or otherwise in Accordance with Applicable Laws. At Expiration of the Contract Period, All medical records shall be ~~the~~ ~~Property~~ delivered to and remain with the Sheriff. Inmate medical records **SHALL** at All times be the property of the Fulton County Sheriff."

(PAGE 4)

In other words, Defendant Sheriff Standard was aware of the Plaintiffs medical past as shown in Plaintiffs Exhibits #4 thru 7 from the year 2010 when Sheriff Standard was Sheriff of the Fulton County Jail and these exhibits were produced by the Defendant Standard to the Plaintiff Richard C. Wooddell Jr. and these exhibits prove that the Plaintiff was on Psychotropic Medication for Depression and that the Defendant was aware of the Plaintiffs past Psychological mental illness and that the defendant failed to seek treatment for the plaintiff.

#10) Plaintiff will also adduce the fact that defendants councel was well aware of the fact that the Plaintiff was in a Prison Psychiatric Hospital and that the plaintiff was on medication, knew that the plaintiff has mental health issues and prayed upon him by seizing that opportunity and taking advantage of the plaintiffs mental health issues to render a favorable deposition in a desperate attempt to vindicate defendant Standard of his wrong doing and deflect the behavior and custom or policy of Defendant Standard.

#11) That the Defendants council asked specific

(PAGE 5)

questions conducive to their defense that made it a one sided story or "claim" in their defense, although Plaintiff admits that the Defendant Standard did deny his Appeal to an outside doctor but, this was not the Extent of His (the Plaintiffs) claim.

#12) Plaintiff in his complaint raises the issue of a widespread and or well established policy of Defendant Standards facility in which detainees are subject to inadequacies or irregularities in procedures due to their being labeled "criminals". Specifically in this case, denial of proper medical treatment.

#13) Defendants Councels "motion for Summary Judgement" Page #2 paragraph #2 clearly shows an attempt to use plaintiffs ~~backo~~ (R.W) criminal history as an issue for summary judgement, never giving any information whatsoever as to why such information is relevant in their motion and (R.W) is legal conclusion for the court to decipher.

#14) Plaintiff will adduce page #2 paragraph #2 of defendants counsels motion in his claim of widespread practice, policy, or custom at the Fulton County Jail.

#15) Defendants counsel and defendant Standards motion page #2 paragraph #2 clearly implies Plaintiff is not entitled to releif and or due process in His claim for HAving A "criminal History" and reflects the exact policy, practice or custom that Plaintiff claims and defendant Standard denies exists At the Fulton County JAIL.

#16) Defendants motion page #20 section E ~~paragraph~~ (RW) Shows counsel incongruently raised an affirmitive defense during pleadings and is invalid on it's face.

#17) Defendants motion rests entirely on Counsels claim that Plaintiffs deposition differs in some way from Plaintiffs complaint, specifically that that plaintiffs Claim is "medical indifference" and plaintiffs Claim in His deposition is to the extent that defendant Standard "denied grievance Appeal to See AN outside doctor". This is A severe and deliberate misinterpretation of plaintiffs claim (RW) and is the product of many hours of redundant trickery and specifically taylored Questions by defendants counsel to render such an interpretation.

(PAGE 7)

#18) Plaintiffs evidence will show defendant Standard was "in charge" of Fulton County Jail and is such is required by laws to provide safety and medical treatment.

#19) (R.W) Plaintiff need not explain the purpose of incarceration but, points out that it is intended to induce psychological trauma as a "deterent" to criminal behavior and as a result it is reasonably conceivable that human beings subject to such punishment, including pre trial detainees, who have not been convicted, will require mental health treatment while incarcerated.

#20) Defendant Standard was well aware of the Plaintiffs deteriorating mental health and refused proper medical treatment and is deliberately indifferent to plaintiffs needs which defendants counsel claims in their motion, was not.

#21) Plaintiff will show that on December 22nd, 2014 that Plaintiff nearly lost his life as a result of defendant Standards inaction and indifference revealing in contrast the magnitude of the defendants counsels desperation to dispose of this matter and continue to hide this well known, well established policy or custom of defendant Standard.

Respectfully Submitted,
Richard C. Wooddell JR.
<u>Richard C. Wooddell Jr.</u>
Plaintiff

Richard C. Wooddell JR. #B54993
Dixon Corr. Center
2600 N. Brinton Ave
Dixon, IL 61021

(PAGE 9)

STATE OF ILLINOIS )
) SS
COUNTY OF LEE )

AFFIDAVIT

I, Richard C. Wooddell JR., of the city of Dixon, County of Lee, and the State of Illinois, being duly sworn upon oath, depose and say:

The motion for summary Judgement that I HAVE Read it and everything ~~contained~~ contained therein is ~~true~~ to the best of my knowledge and beleif

THAT HEREIN ATTACHED ARE MOTION TO DENY AND DIMISS DEFENDANTS MOTION FOR SUMMARY JUDGEMENT, MOTION-RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT, ~~PROOF~~ CERTIFICATE AND PROOF OF SERVICE, AND STATEMENT : CASE NO. 14-CV-1474, PAGES 1-3, AND THAT I HAVE READ SAID RESPONSE FOR SUMMARY JUDGEMENT, WHICH IS TRUE TO MY KNOWLEDGE AND BELIEF.

OFFICIAL SEAL
MARGARET THOMAS
Notary Public - State of Illinois
My Commission Expires 8/25/2019

Richard C. Wooddell Jr.

Subscribed and sworn to before me this
4 day of January, 2016.

Margaret Thomas
Notary Public