UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD C. WOODDELL, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 14-1474-CSB |
| | ) |
| **JEFF STANDARD,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

    This cause is before the Court on Defendant Jeff Standard's motion for summary judgment. As explained more fully below, Plaintiff Richard C. Wooddell, Jr., has failed to offer any evidence with which to create a question of fact that would preclude summary judgment in Sheriff Standard's favor, and Sheriff Standard has shown that he is entitled to summary judgment on Wooddell's claim against him. Accordingly, the motion is granted.

    Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing

1

that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel,* 728 F.3d 7314, 734 (7th Cir. 2013) (internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

Defendant Jeff Standard is the Sheriff in Fulton County, Illinois. During the relevant time period, Plaintiff Richard C. Wooddell, Jr., was a pre-trial detainee who was being held at the Fulton County Jail.

When he originally filed his Complaint, Wooddell indicated that he had filed his suit based upon the lack of medical treatment that he had endured at the Fulton County Jail. Indeed, Wooddell indicated to the Court during a merit review hearing of his Complaint that no one at the Fulton County Jail would provide the names of the doctors and nurses who had refused to treat him, and therefore, he named Sheriff Standard as a party Defendant. The Court allowed the

case to proceed against Sheriff Standard on a claim of deliberate indifference to a serious medical need.[1]

In his response to Sheriff Standard's motion for summary judgment, however, Wooddell's claim has morphed in several different directions. Initially, the Court notes that Wooddell cannot amend his Complaint or his claims in a response to a motion for summary judgment. *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012)("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). In any event, none of Wooddell's hybrid deliberate indifference claims are sufficient to proceed to trial.

*First*, Wooddell alleges that Sheriff Standard was deliberately indifferent to his serious medical needs because he would not refer him to a provider outside to the Fulton County Jail. Specifically, Wooddell claims that Sheriff Standard was deliberately indifferent because he would not send him to a mental health provider outside the Jail even though he was not receiving mental health care at the Jail.

The Constitution guarantees a prisoner treatment of his serious medical needs, not to a doctor of his own choosing or to a course of treatment of his own choosing. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985). The

---

[1] Wooddell is correct that, the Court misspoke in stating in its Merit Review Order that the Constitutional right that Sheriff Standard allegedly violated arose under the Eighth Amendment. Because Wooddell was a pre-trial detainee at the time, Wooddell's rights that Sheriff Standard allegedly violated by his deliberate indifference arose under the Fourteenth Amendment and was a Due Process violation. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). This is a distinction without a difference, however, as the United States Court of Appeals for the Seventh Circuit has held that courts "evaluate this claimed denial of due process using the same deliberate-indifference standard governing Eighth Amendment claims from convicted prisoners." *Riley v. Kolitwenzew*, 2016 WL 1077168, * 3 (7th Cir. Mar. 18, 2016).

Constitution does not guarantee access to the latest technology or to a specific medical test. *Glenn v. Barua*, 2007 WL 3194051, * 3 (3d Cir. 2007)(noting that "a decision not to use an x-ray or other diagnostic technique is "a classic example of a matter for medical judgment, and does not by itself amount to constitutionally deficient treatment.")(internal quotation omitted). "A prisoner has the right to medical care; however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)). "The [Constitution] does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011)(internal quotations omitted).

In the instant case, the medical records show that Wooddell was receiving medical care when he sought it. According to Sheriff Standard's testimony, he reviewed Wooddell's medical records when he learned of Wooddell's complaints, and Sheriff Standard determined, based upon those records, that Wooddell was receiving care upon request. Wooddell offers no evidence to dispute Sheriff Standard's testimony, and Wooddell has no Constitutional rights to see a specialist outside of the Jail. Therefore, Sheriff Standard did not violate Wooddell's Fourteenth Amendment rights by refusing or failing to send him to a specialist outside of the Jail.

*Second*, Wooddell claims that Sheriff Wooddell violated his Constitutional rights by denying his grievances. However, "there is no inherent constitutional right to an effective prison grievance procedure." *Furrow v. Lappin*, 2010 WL 3522064, * 1 (7th Cir. Sept. 9, 2010). Moreover, Wooddell has no constitutional right to have his grievances determined in his favor or to any certain outcome. *Wheeler v. Talbot*, 2013 WL 3229538, * 4 (C.D. Ill. June 25, 2013)(" a plaintiff has no constitutional right to have his grievances resolved in his favor.").

Here, the undisputed evidence shows that Sheriff Standard denied Wooddell's grievances after he reviewed the medical information available to him. There simply is no evidence before the Court that Sheriff Standard violated Wooddell's Constitutional rights in considering or denying his grievances.

*Third*, Wooddell attempts to assert an official policy claim against Sheriff Standard in his official capacity as the Sheriff of Fulton County. Wooddell's evidence in support of this claim appears to be based upon a conversation between the two in which Sheriff Standard referred to Wooddell and others at the Jail as "criminals" and during which Sheriff Standard told Wooddell that the Jail was "not a Holiday Inn." Wooddell cites this conversation and the Sheriff Standard's statements as indicating an official policy of treating him and others with deliberate indifference.

"[N]ot every action taken by employees with decisionmaking authority gives rise to the potential for liability. The fact that a particular official-even a policymaking official-has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pesek v. Marzullo*, 566 F. Supp. 2d 834, 843 (N.D. Ill. 2008)(internal quotation omitted).

Contrary to Wooddell's belief, Sheriff Standard's isolated statements are insufficient to constitute an official policy of treating inmates at the Fulton County Jail with deliberate indifference. The connection between the two is simply too attenuated to support a claim of deliberate indifference.

Moreover, the contract signed between Sheriff Standard and Advanced Correctional Health Care ("ACH") in which ACH agreed to provide health care services to the Jail's inmates does not support Wooddell's claim that an official policy existed to deprive him and others of

5

their Constitutional rights. Instead, the contract provides that the medical decisions for the Jail's inmates are left to the sound discretion of the medical professionals retained by ACH.

Finally, Wooddell claims that Sheriff Standard would not refer him to a specialist outside the Jail and that he otherwise wanted to treat him and others "on the cheap" so as to save money. Although Wooddell makes this claim, he offers no evidence with which to create a genuine issue of material fact that Sheriff Standard had adopted such an official policy or that such a policy even existed.

*Fourth*, Wooddell claims that Sheriff Standard displayed deliberate indifference towards him because Sheriff Standard is in charge of the Jail and because Sheriff Standard's failure to provide proper care and safety of the Jail's inmates led Wooddell to attempt suicide. However, "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).

Indeed, the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly

or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011)(quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

In this case, Wooddell has offered no evidence of a causal connection or an affirmative link between any action or inaction by Sheriff Standard that would subject Sheriff Standard to liability based upon his position as the Sheriff of Fulton County, Illinois. In other words, Wooddell simply wants to impose liability upon Sheriff Standard because he is the Sheriff, and such a position is contrary to law.

*Fifth*, Wooddell seeks to impose liability upon Sheriff Standard based upon a claim that Sheriff Standard generally denied him the right to health care. Again, when Sheriff Standard learned through the grievance process of Wooddell's claim that he was not receiving proper care, Sheriff Standard reviewed Wooddell's medical records and determined that Wooddell was, in fact, receiving care.

"[I]n determining the best way to handle an inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals." *Lee v. Young,* 533 F.3d 505, 511 (7th Cir. 2008). Sheriff Standard testified that he has no medical training and that relied upon the opinions of the doctors and nurses retained by ACH to provide the proper care for Wooddell and others at the Jail. Sheriff Standard is entitled to rely upon these medical professionals without subjecting him to liability for deliberate indifference.

In short, summary judgment is the put up or shut up stage of the litigation. *Koszola v. Board of Educ. of City of Chicago*, 385 F. 3d 1104, 1111 (7th Cir. 2004). Wooddell's evidence that he has offered in response to Sheriff Standard's motion for summary judgment is

inadmissible, does not create a genuine issue of material fact on his deliberate indifference claim, or does not support that proposition for which Wooddell offered the evidence. As a result and because Sheriff Standard has shown that he is entitled to judgment as a matter of law in this case, Sheriff Standard's motion for summary judgment is granted.

Perhaps realizing the convoluted nature of his claim, Wooddell has moved for leave to file an amended complaint.[2] Wooddell indicates that he wants to file an amended complaint so that he can more clearly state his claim against Sheriff Standard for being deliberately indifferent to his serious medical need and so that he can better explain his policy and procedure claim against Sheriff Standard.

However, Wooddell did not file his motion for leave to file an amended complaint until after Sheriff Standard's motion for summary judgment was fully briefed. Federal Rule of Civil Procedure 15(a) requires that leave to amend "be freely given when justice so requires." *Id*. The United States Supreme Court has explained that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court also explained that leave need not be given when reasons such as undue delay, undue prejudice to the opposing party, or futility exist. *Id*.

Here, Sheriff Standard would be prejudiced if the Court were to allow Wooddell to amend his Complaint at this late stage. *Hanson v. Meier*, 2016 WL 799229, * 9 (E.D. Wis. Feb. 29, 2016)(denying leave to amend a complaint after summary judgment motions filed). Moreover, Wooddell has not attached a proposed Amended Complaint that reveals what changes that he would like to make to his Original Complaint. The Court does not accept piecemeal

---

[2] Wooddell never moved to add any Fulton County Jail medical personnel as party Defendants.

amendments to a complaint, especially in a case like this where discovery has long since closed and dispositive motions have been fully briefed. Accordingly, Wooddell's motion to file an amended complaint is denied.

Finally, three other motions need the Court's attention. Sheriff Standard moves the Court to strike Wooddell's Sur-reply as being in violation of the Court's Local Rules. Wooddell counters by moving to strike Sheriff Standard's motion to strike.

Sheriff Standard is correct that, unless given leave of the Court to file one, sur-replies are not permitted and, even when permitted, are extremely limited in scope. Although Wooddell did not obtain leave of the Court to file a sur-reply, the Court understands that he is proceeding as a pro se litigant. Therefore, the Court will not strike Wooddell's sur-reply. That being said, there is no basis for striking Sheriff Standard's motion to strike. As a result, both motions are denied.

As for Wooddell's renewed motion for counsel, it is also denied. Wooddell did not present any evidence that Sheriff Standard violated his Constitutional rights, and Wooddell has presented nothing to the Court to convince it that an attorney would have made a difference in the outcome of this litigation.

**IT IS, THEREFORE, ORDERED:**

    **1.** **Plaintiff's motion for leave to file an amended complaint is [47] DENIED.**

    **2.** **Defendant's motion to strike is [51] DENIED.**

    **3.** **Plaintiff's motion to strike Defendant's motion to strike [54] is DENIED.**

    **4.** **Plaintiff's motion for the appointment of counsel [55] is DENIED.**

    **5.** **Defendant's motion for summary judgment [39] is GRANTED, and Plaintiff's motion to dismiss and to deny Defendant's motion for summary judgment [44] is DENIED.**

6. The Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated with the Parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

7. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

8. If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 5th day of July, 2016

                                                _____/s Colin S. Bruce_____
                                                       COLIN S. BRUCE
                                          UNITED STATES DISTRICT JUDGE